

**FILED**
**Oct 14, 2025**
**01:40 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| **WAYNE FREEMAN,** | ) | **Docket No.: 2023-05-6340** |
| **Employee,** | ) | |
| **v.** | ) | |
| **UNITED ROAD SERVICES, INC.,** | ) | **State File No.: 85832-2022** |
| **Employer,** | ) | |
| **And** | ) | |
| **ACE AMERICAN INSURANCE CO.,** | ) | **Judge Thomas Wyatt** |
| **Carrier.** | ) | |
| | ) | |

## COMPENSATION ORDER DENYING RELIEF FROM SETTLEMENT

In an October 8, 2025 compensation hearing, Wayne Freeman sought a new panel from which to select another authorized physician for his left-shoulder injury. He contended that he is entitled to a new treating physician because United Road Services failed to schedule an appointment with a clinic he selected from the original panel, which constitutes "foundational fraud."[1] United countered with three arguments: 1) Mr. Freeman agreed to the current treating physician in a settlement agreement; 2) he failed to timely file for relief from the order approving the settlement; and 3) no fraud occurred.

For the reasons below, Mr. Freeman's request to change the physician authorized to treat his left-shoulder injury is denied.

### Claim History

Mr. Freeman sustained a compensable left-shoulder injury in November 2022. On January 5, 2023, he signed a panel form selecting "Bone & Joint Clinic" in Nashville for authorized treatment. Shortly afterward, an adjuster informed him that the panel he signed contained incorrect contact information for the clinic he selected. He received a second

---

[1] Mr. Freeman also argued that the panels did not comply with applicable time periods. However, he waived his remedy for any untimeliness that occurred when he accepted authorized treatment from Dr. Scott Arthur.

panel that included the two practices that he did not select from the first panel. It also identified the clinic selected by Mr. Freeman as "Bone & Joint Institute" in Franklin.

Mr. Freeman did not make a new selection from the second panel and saw Dr. Scott Arthur for treatment. Dr. Arthur is associated with the Bone & Joint Clinic in Franklin. Dr. Arthur provided conservative care, placed Mr. Freeman at maximum medical improvement on May 17, 2023, and assigned a 2% impairment rating.

On September 22, 2023, Mr. Freeman and counsel for United sought approval of a proposed settlement agreement including an original award of permanent disability benefits based on the 2% rating and open future medical benefits with Dr. Arthur. Mr. Freeman signed the settlement agreement, which included the following language:

> The parties entered into this voluntary settlement of all issues with full knowledge of their rights and responsibilities, including the right to be represented by an attorney. Employee acknowledges by signature that Employee is not obligated to enter this agreement and has the right to a compensation hearing but waives that right[.]
> Employee received, reviewed and signed the "Explanation of Workers' Compensation Benefits" and had the opportunity to ask questions regarding the agreement[.]
> This document represents the entire agreement and the parties' complete understanding with no representation or promise other than those in this agreement. All prior negotiations, representations and agreements are merged into this agreement.

After an approval hearing, the Court entered an order containing the following language: " The SETTLEMENT AGREEMENT is approved. The attached agreement and all its terms are incorporated into this Order." (Emphasis in original).

After the approval, Mr. Freeman reported increased left-shoulder pain to Dr. Arthur, who ordered an MRI that showed a SLAP tear. Dr. Arthur repaired the tear in April 2024. Mr. Freeman filed a petition for benefit determination on October 26, 2024, seeking relief from the settlement because: "I settled the case before the surgery because the doctor said that I would be fine after a few months."

Mr. Freeman then requested this hearing and filed a declaration stating that he seeks "Medical treatment from [a] different doctor." He wrote that he sought this relief "due to my lack of trust that [Dr. Arthur] is competent or capable to administer proper care as displayed in this case."

At the hearing, Mr. Freeman's primary argument focused on his contention that United manipulated the panels so that he would be treated by Dr. Arthur. He claimed that

2

he called the number for Bone & Joint Clinic, the clinic he selected from the first panel, and learned it was a Vanderbilt practice that did not include Dr. Arthur. He alleged that Dr. Arthur has a relationship with United and/or the carrier that is disadvantageous to his receipt of appropriate care for his work injury. He argued that his seeing a physician from a clinic that he did not select constituted "foundational fraud" entitling him to a new panel.

United argued that Mr. Freeman is not entitled to a new panel because he is bound by both contract and court order to accept future treatment from Dr Arthur, who remains willing to treat him. It also asserted that Mr. Freeman filed too late to set aside the settlement order. Finally, it contended that no fraud occurred in the panel-selection process.

## Findings of Fact and Conclusions of Law

Where an employee seeks post-judgment relief from an order, he must prove entitlement to the requested relief by a preponderance of the evidence. *Worrell v. Obion Cnty. School Dist.,* 2023 TN Wrk. Comp. App. Bd. LEXIS 29, at *10 (June 29, 2023).

The analysis of whether Mr. Freeman is entitled to a new panel begins with the order that Dr. Arthur is the authorized treating physician for medical benefits. The Court entered the order after Mr. Freeman signed the proposed settlement agreement and appeared in person seeking approval.

Tennessee law values finality of legal disputes. *See Taylor v. John and Stephnie Ingram, LLC,* 2024 TN Wrk. Comp. App. Bd. LEXIS 28, at *20 (Aug. 9, 2024) ("In general, the bar for attaining relief is set very high and the burden borne by the movant is heavy."). Even, as here, where a party alleges fraud as a basis for setting aside a judgment, Tennessee Rule of Civil Procedure 60.02(2) (2024) provides a single pathway for seeking relief. That pathway is to file to set aside the judgment "not more than one year after the judgment, order or proceeding was entered or taken." *Id.*

The order approving the settlement of Mr. Freeman's case, which included the appointment of Dr. Arthur for future medical care, was entered September 22, 2023. To comply with Rule 60.02(2), Mr. Freeman must have filed for relief from the judgment on or before September 22, 2024, to seek relief from the order. His October 26, 2024 filing of the petition for benefit determination seeking relief from the settlement order was too late. *Taylor,* 2024 TN Wrk. Comp. App. Bd. LEXIS 28 at *21.

Finally, Rule 60.02(5) provides that a party may seek relief from an order for "any other reason justifying relief from the operation of the judgment." Mr. Freeman's allegations that United defrauded him does not qualify for relief under this provision.

3

Mere allegations are not evidence. *Id.* at *20. Fraud or fraudulent intent must be shown by clear and convincing evidence. *Id.* The mere changing of the contact information for the practice that Mr. Freeman selected does not prove by clear and convincing evidence that United and its carrier engaged in a scheme, fraudulent or otherwise, to lock him into seeing Dr. Arthur. No evidence suggests that the other practices on the panel that Mr. Freeman could have selected were associated with Dr. Arthur.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Freeman's request for a new panel.

2. Unless appealed, this order shall become final in 30 days.

3. The Court assesses the $150.00 filing fee under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (2023) against United, for which execution might issue if necessary. United shall pay the filing fee to the Clerk within five business days of this order becoming final.

4. United shall prepare and submit the SD-2 form to the Clerk within ten business days of issuance of this order under Tennessee Code Annotated section 50-6-244(b)(3) (2024).

**ENTERED October 14, 2025.**

_____
**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Impairment rating report
2. Requests for Admission
3. Claim form
4. Rule 72 Declaration of Gregory Snead, plus exhibits including settlement agreement and order
5. Unity Medical Center records
6. Rule 72 Declaration of Wayne Freeman
7. First Report of Injury
8. Final Medical Report of Dr. Arthur
9. Bone and Joint Institute of Tennessee, Inc. records
10. Affidavit of Steve Tinto, plus exhibits
11. Interrogatories, Requests for Production of Documents, and Requests of Admissions to Employee
12. Text messages, identification only
13. Emails, identification only
14. Consent and authorization forms
15. Email from ESIS about incorrect contact information on original panel
16. Panel forms (written on by Mr. Freeman)
17. Panel forms (not written on)
18. Panel selection of Fast Pace Medical

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on October 14, 2025.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| Wayne Freemen Employee | X | X | freemanwayne@gmail.com 373 Corbin Street Summertown, TN 38483 |
| Heather Douglas Jenna Macnair Employer's Attorneys | | X | hdouglas@manierherod.com jmacnair@manierherod.com ecollins@manierherod.com |

_Penny Shrum_

_____

**Penny Shrum, Court Clerk**
Wc.courtclerk@tn.gov

6



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

LB-1099 rev. 01/20 Page **1** of **2** RDA 11082

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*